UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
ALEXANDER KAPLIN, :
:
        *Plaintiff*, :
:
   -*against*- :
:
ANTHONY BUENDIA, :
:
        *Defendant*. :
:
------------------------------------------------------------X

15 Civ. 649 (PAC)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-24-15

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Alexander Kaplin, an investing member of SEG Capital, LLC ("SEG"), brings claims for (i) breach of contract, (ii) breach of fiduciary duty, (iii) tortious interference with prospective economic advantage, and (iv) unjust enrichment against Defendant Anthony Buendia, SEG's former head of trading. Plaintiff alleges that Defendant breached the terms of his employment agreement and fiduciary duties when he wrongfully diverted a business opportunity from SEG and took an unauthorized trading position with intent to (and which in fact did) cause significant losses to SEG.

Defendant moves to dismiss claims 2, 3 and 4 for breach of fiduciary duty, tortious interference and unjust enrichment, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that these claims are barred by the three-year statute of limitations for tort claims and the unjust enrichment claim is duplicative. Defendant also argues that Plaintiff improperly seeks punitive damages. Plaintiff has withdrawn the tortious interference claim. The Court GRANTS Defendant's motion to dismiss the unjust enrichment claim and DENIES the balance of Defendant's motion.

1

## BACKGROUND

As alleged in the Amended Complaint, SEG was a registered broker-dealer specializing in domestic exchange-traded funds. Am. Compl., Dkt. 7 at ¶ 7. In April 2009, SEG hired Defendant, who had extensive experience in international exchange-traded funds, as a lead trading member and head of trading. *Id.* ¶ 11. SEG also hired seven of Defendant's associates, including two traders. *Id.* ¶ 16. The employment relationship between SEG and Defendant was governed by two documents: SEG's Supplemental Trading Member Agreement ("Trading Member Agreement") and Second Amended and Restated Operating Agreement ("Operating Agreement"). *Id.* ¶ 12. The Trading Member Agreement required that Defendant establish, build and operate the SEG trading desk, for which he was to receive fifty percent of trading profits he earned and a monthly advance of $10,000 against his future share of trading profits. *Id.* ¶¶ 13, 15. The Trading Member Agreement also stated that Defendant was responsible for paying compensation for traders that Defendant brought to SEG out of his net profits. *Id.* ¶ 14. Plaintiff alleges that between January and October 2010, SEG advanced $78,134 to Defendant's traders when Defendant failed to pay their compensation. *Id.* ¶¶ 18, 19.

In August 2010, China Bridge Capital ("CBC"), a China-based financial company, expressed interest in investing in SEG. *Id.* ¶¶ 20, 21. Defendant and two of his associates with negotiated with CBC on behalf of SEG. *Id.* ¶ 22. Plaintiff alleges that in September 2010 Defendant negotiated an initial term sheet with CBC whereby CBC would invest $5 million in SEG. *Id.* ¶¶ 23-25. But in October 2010, Plaintiff asserts, Defendant and his associates, unbeknownst to SEG, established a new company and convinced CBC to invest in their company instead of SEG. *Id.* ¶¶ 27-31.

Plaintiff further alleges that on October 14, 2010, Defendant took an unhedged position

of nearly $16.5 million in the newly-issued Market Vectors China A Shares exchange-traded fund, an amount that far exceeded SEG's trading limit of $5 million for any single exchange-traded fund position. *Id.* ¶¶ 32-40. Plaintiff alleges that Defendant took that unauthorized position for the express purpose of financially crippling SEG and limiting SEG's ability to compete for CBC's business. *Id.* ¶ 47. Indeed, SEG sustained a loss of $1,611,200 when it closed the position the next day and ceased all operations by the end of the month. *Id.* ¶¶ 46, 53. Defendant voluntarily resigned on October 27, 2010. *Id.* ¶ 51.

In December 2010, SEG sued Defendant and his two associates in New York State court, alleging breach of contract, breach of fiduciary duties, tortious interference with economic advantage, and unjust enrichment. *Id.* ¶¶ 57-58. In October 2012, the parties agreed to a stipulation discontinuing that action without prejudice. *Id.* ¶ 64. In September 2014, SEG assigned to Plaintiff all claims and causes of action related to Defendant's conduct. *Id.* ¶ 67.

Plaintiff brought this action on January 29, 2015. Plaintiff's Amended Complaint, filed in February 2015, contains four claims. Claim 1 alleges breach of contract, premised on Defendant taking an unhedged position exceeding SEG's trading limit and Defendant's failure to repay SEG for advances to Defendant and his traders. *Id.* ¶¶ 68-75. Claim 2 alleges breach of fiduciary duty, premised on Defendant taking an unauthorized trading position with intent to harm SEG and stealing the CBC business opportunity. *Id.* ¶¶ 76-81. Claim 3 alleges tortious interference with prospective economic advantage; but Plaintiff voluntarily withdrew this claim after Defendant's motion to dismiss was filed. *See* Pl. Mem., Dkt. 15 at 6. Claim 4 alleges unjust enrichment, premised on the advances to Defendant and his traders, which Defendant unjustly failed to repay in light of his conduct. Am. Compl. ¶¶ 88-92. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees and interest. *Id.* at 12.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). He argues (i) the breach of fiduciary duty and unjust enrichment claims are barred by applicable three-year limitations periods; (ii) the unjust enrichment claim is duplicative of the uncontested breach of contract claim; and (iii) Plaintiff is not entitled to punitive damages. *See* Def. Mem., Dkt. 14. Plaintiff responds that his claims are timely because they are subject to six-year limitations periods and that he properly seeks punitive damages.

## DISCUSSION

### I. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint and construes the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court only "assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (internal quotation marks omitted). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court "may consider any written instrument attached to the complaint." *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

### II. Breach of Fiduciary Duty Claim

"New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks."[1] *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d

---

[1] The parties agree that New York law applies.

4

132, 139 (2009). As a general rule, a three-year limitations period applies where money damages are sought and a six-year limitations period applies where equitable relief is sought. *Id.* But the New York Court of Appeals has held that the six-year period also applies where "all liability alleged in [the] complaint had its genesis in the contractual relationship of the parties." *Sears, Roebuck & Co. v. Enco Assoc.*, 43 N.Y.2d 389, 396 (1977). "In such cases, the plaintiff need not prove that the defendant breached a particular contractual provision. It is sufficient to allege that the fiduciary duty arose from a contractual relationship." *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, No. 11 cv 5954 (LTS), 2012 WL 1981477, at *4 (S.D.N.Y. May 30, 2012) (internal citations omitted).

Since Plaintiff seeks money damages and the breach of fiduciary duty claim accrued in 2010, the claim is timely only if its "genesis" is in the contractual relationship of the parties. Plaintiff argues that that condition is met because Defendant's fiduciary duties owed to SEG arose from the Trading Member and Operating Agreements. Pl. Mem. at 5. The Court agrees. The limits of permissible trading positions Defendant could take and his obligation to negotiate with CBC on SEG's behalf both arose from the contractual agreements he entered into with SEG. As such, Plaintiff's claim for breach of fiduciary duty has its genesis in those contracts. *See Ironshore*, 2012 WL 1981477, at *4 (breach of fiduciary duty claim against investment advisor alleging mismanagement of assets is timely since its genesis is in contractual agreement between the parties); *Mejia-Ricart v. Bear Stearns & Co.*, No. 95 cv 582 (LLS), 1996 WL 94810, at *4 (S.D.N.Y. Mar. 4, 1996) (same). Defendant's motion to dismiss the breach of fiduciary duty claim is denied.

### III. Unjust Enrichment Claim

Under New York law, "[t]he theory of unjust enrichment lies as a quasi-contract claim. It

is an obligation the law creates in the absence of any agreement." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (internal quotation marks omitted). For this reason, dismissal is proper where a valid and enforceable contract governs the particular subject matter of the dispute. *Id.* at 587.

Plaintiff's unjust enrichment claim is premised on alleged unreturned advances that SEG made to Defendant and his traders. Am. Compl. ¶ 90. Defendant argues that this claim should be dismissed because it is identical to Plaintiff's breach of contract claim, which also seeks recovery for alleged unreturned advances. *See id.* ¶¶ 72-73. The Court agrees. Any entitlement Plaintiff has to unreturned advances must arise from the contractual agreements between Defendant and SEG, and Defendant does not dispute the contracts' validity or enforceability. As such, the unjust enrichment claim is duplicative of the contract claim. Defendant's motion to dismiss the unjust enrichment claim is granted.

## IV.  Punitive Damages

"New York law recognizes breach of fiduciary duty as an exception to the general rule that punitive damages are not recoverable for breach of contract claims." *Kubin v. Miller*, 801 F.Supp. 1101, 1122 (S.D.N.Y. 1992). But "punitive damages are reserved for those cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future." *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 669 (S.D.N.Y. 2005).

Plaintiff alleges that Defendant took a risky, unhedged trading position far in excess of SEG trading limits with the intent to financially cripple SEG and allow Defendant to steal a business opportunity away from SEG. Such "willful, wanton and reckless misconduct," if

proven, would entitle Plaintiff to punitive damages. *Giblin v. Murphy*, 73 N.Y.2d 769, 772 (1988). Defendant's motion to dismiss the punitive damages request, at least at this stage of the proceedings, is denied.

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss the unjust enrichment claim. The Court DENIES Defendant's motion to dismiss the breach of fiduciary duty claim and the punitive damages request. Defendant should answer the complaint by December 31, 2015. The parties should meet and confer and submit a Civil Case Management Plan, ten days after the answer is filed. The Clerk of Court is directed to terminate the motion at Docket 12.

Dated: New York, New York  
November 24, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge