UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALEXANDER KAPLIN,

          *Plaintiff,*

  -against-

ANTHONY BUENDIA,

          *Defendant.*

15 Civ. 649 (PAC)

**ORDER**

------------------------------------------------------------X

      In its April 14, 2021 order granting in part and denying in part summary judgment for the defendant, Anthony Buendia, the Court gave plaintiff Alexander Kaplin notice, pursuant to Federal Rule of Civil Procedure 56(f)(2), of its intent to grant summary judgment in Buendia's favor on Kaplin's claim for punitive damages for failure to show any evidence of public harm. Order & Op. 26, 27, ECF No. 50. The Court gave Kaplin 10 days from the entry of its order to respond. *Id.* Kaplin timely responded, arguing that a showing of public harm is not required to recover punitive damages on a breach of fiduciary duty claim, "even where there is a contract that governs the relationship between the parties." Pl.'s Suppl. Mem. 2, ECF No. 51. More specifically, Kaplin argues that "even if the breach of fiduciary duty claim related to the breach of contract claim, 'New York law recognize[d] a breach of fiduciary duty as an exception to the general rule against punitive damages for breach of contract.'" Pl.'s Letter 2, ECF No. 53 (citing *Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 586 (S.D.N.Y. 1989) (emphasis removed; alteration in original)). Kaplin's argument is unavailing.

      First, *Airlines Reporting*, which Kaplin cites for this purported exception, predates the

1

New York Court of Appeals cases which announced the rule that "[w]here a plaintiff's claim arises from (or 'has its genesis in') the parties' contractual relationship, New York law requires the plaintiff to plead that . . . the conduct is 'part of a pattern directed at the public generally.'" Order & Op. 23 (citing *N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 767 (N.Y. 1995); *Rocanova v. Equitable Life Assurance Soc'y of U.S.*, 634 N.E.2d 940, 943–44 (N.Y. 1994)).

Second, the other three cases Kaplin cites state only the non-controversial proposition that public harm is not required to award punitive damages on tort claims for breach of fiduciary duty—they do not hold that breach of fiduciary duty claims which have their genesis in the parties' contractual relationship are exempt from the public harm requirement. *See Vandashield Ltd. v. Isaacson*, 146 A.D.3d 552, 555 (N.Y. App. Div. 3d Dep't 2017); *Don Buchwald & Assoc. v. Rich*, 281 A.D.2d 329, 330 (N.Y. App. Div. 1st Dep't 2001); *Sherry Assoc. v. Sherry-Netherland, Inc.*, 273 A.D.2d 14, 15 (N.Y. App. Div. 1st Dep't 2000).

Third, to the extent that these cases conflict with *Rocanova* and *New York University*, "[t]his Court is bound to follow *Rocanova* and *New York University*, precedent issued by New York's highest court, rather than the contrary decisions of lower courts." *Kofinas v. Fifty-Five Corp.*, No. 20-cv-7500, 2021 WL 603294, at *7–9 (S.D.N.Y. Feb. 16, 2021) (dismissing, for failure to allege public harm, plaintiffs' claim for punitive damages for a breach of fiduciary duty that had its genesis in the parties' contractual relationship).

Kaplin's breach of fiduciary duty claim has its genesis in the parties' contractual relationship: it is the contract that imposes fiduciary duties on Buendia, and the conduct underlying the breach of fiduciary duty claim (namely, that Buendia allegedly took an unauthorized position in excess of his trading limit) is the same conduct underlying one of Kaplin's breach of contract claims. Order & Op. 3–4, 25. Accordingly, proof of public harm is

required for Kaplin to recover punitive damages. *See Kofinas*, 2021 WL 603294, at *7–9; *Starr Indem. & Liab. Co. v. Am. Claims Mgmt., Inc.*, No. 14–CV–0463, 2015 WL 2130537, at *1 (S.D.N.Y. May 6, 2015); *cf. Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 382 F. Supp. 2d 411, 423 (S.D.N.Y. 2003) (declining to require proof of public harm where breach of fiduciary duty claim did not have its genesis in the parties' contractual relationship, as it arose "from a relationship that pre-exist[ed] the contractual relationship and pertain[ed] to different, albeit related, conduct than that which form[ed] [counterclaim plaintiff's] breach-of-contract claim"). Because Kaplin has failed to provide any proof of public harm, he is not entitled to punitive damages as a matter of law. Accordingly, the Court GRANTS summary judgment in favor of Buendia on the issue of Kaplin's entitlement to seek punitive damages in this action.

Dated: New York, New York
May 14, 2021

SO ORDERED

/s/ Paul A. Crotty
HONORABLE PAUL A. CROTTY
United States District Judge